# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMEY L. NASTROM; KIM M. HEWTON-NASTROM, | ) ) ) | 1:11cv01998 LJO DLB |
| Plaintiffs, | ) ) ) | FINDINGS AND RECOMMENDATIONS REGARDING DENIAL OF APPLICATION TO PROCEED IN FORMA PAUPERIS |
| v. | ) ) | (Document 2) |
| NEW CENTURY MORTGAGE, CORPORATION, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs Jamey L. Nastrom and Kim M. Hewton-Nastrom ("Plaintiffs"), proceeding pro se, filed this action on November 22, 2011, along with an application to proceed in forma pauperis.

**I.    Application to Proceed In Forma Pauperis**

Title 28 U.S.C. § 1915(a)(1) provides that any court of the United States may authorize the commencement, prosecution of defense of any civil or criminal suit, action, proceeding, or any appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees or give security therefor.

It has been held that "one need not be absolutely destitute to obtain benefits of the in forma pauperis statute." Jefferson v. U.S.A., 277 F.2d 723, 724 (9th Cir.1960).  Yet, a "showing of something more than mere hardship must be made." Martin v. Gulf States Utilities Co., 221

F.Supp. 757, 759 (W.D.La.1963).  And wherever upon the spectrum a complainant may fall, "it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty."  Jefferson, 277 F.2d at 725.

In the application, Plaintiff Jamey L. Nastrom states that he is employed at Sutter Central Valley Hospitals (Memorial Hospital) in Modesto, California and at the County of San Joaquin Auditor-Controller in Stockton, California.  According to the affidavit, he earns approximately $46,000 gross income per year from the two jobs.  He owns a home valued at $52,000, four vehicles, two ATVs and two flat bed trailers.  He has two monthly mortgage payments totaling over $1,800.00 and debts totaling $78,274.08.  He supports his son and daughter.  In addition to ordinary expenses, such as utilities and insurance, he has listed expenses that include cosmetics/haircuts and tobacco products.  Based on the affidavit, the Court finds that Plaintiff has not demonstrated that he is unable to pay or guarantee costs without sacrificing the necessities of life.[1]  Accordingly, the Court will recommend that Plaintiff's application to proceed in forma pauperis be denied and that Plaintiffs be ordered to pay the $350.00 filing fee.

**II.     Pending Bankruptcy**

In the application to proceed in forma pauperis, Plaintiff Jamey L. Nastrom states that there is a pending bankruptcy case, numbered 11-98377.  Plaintiff has failed to provide the Court with any information concerning the nature and status of the bankruptcy proceeding. Accordingly, the Court requests that Plaintiffs provide a statement on the status of the bankruptcy proceedings within **thirty (30) days** of the date of this order.  The statement should include the following:

(1) the type of bankruptcy filing, e.g., Chapter 7;

(2) the date of filing;

(3) any pending or forthcoming stays;

---

[1] The affidavit in support of the application is signed by Plaintiff Jamey L. Nastrom.  Plaintiff Kim M. Hewton-Nastrom has not submitted an application or a signed affidavit to proceed in forma pauperis.  According to documents attached to the complaint, Plaintiffs Jamey L. Nastrom and Kim M. Hewton-Nastrom are husband and wife.  The Court's finding that Plaintiff Jamey L. Nastrom is able to pay or guarantee costs without sacrificing the necessities of life also would apply to his wife.

1  (4) if there is a trustee administering the estate; and

2  (5) if the causes of action asserted in this case (or the underlying real property) are listed
3  or will be listed as an asset of the estate.

4  **CONCLUSION AND RECOMMENDATION**

5  For the reasons stated, Plaintiffs are HEREBY ORDERED to provide a statement
6  regarding the status of pending bankruptcy case numbered 11-98377 within **thirty (30) days** of
7  the date of this order.

8  The Court also HEREBY RECOMMENDS that Plaintiff's application be DENIED and
9  that Plaintiff be ORDERED to pay the $350.00 filing fee.  This Findings and Recommendation
10 will be submitted to the Honorable Lawrence J. O'Neill, pursuant to the provisions of Title 28
11 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and
12 Recommendations, Plaintiff may file written objections with the Court.  The document should be
13 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is
14 advised that failure to file objections within the specified time may waive the right to appeal the
15 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16  IT IS SO ORDERED.

17  Dated:   **December 7, 2011**              /s/ **Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE