1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| JAMEY L. NASTROM;<br>KIM M. HEWTON-NASTROM,<br><br>             Plaintiffs,<br><br>   v.<br><br>NEW CENTURY MORTGAGE<br>CORPORATION, et al.,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:11cv01998 DLB<br><br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS<br>(Documents 12 and 22)<br><br>AMENDED COMPLAINT DUE WITHIN<br>SIXTY (60) DAYS |

9
10
11
12
13
14
15
16
17

Defendants JPMorgan Chase Bank, N.A., individually and as successor by merger to Chase Home Finance LLC, JPMorgan Chase Custody Services, Inc., Mortgage Electronic Registration Systems, Inc., and Federal Home Loan Mortgage Corporation filed a motion to dismiss on February 13, 2012. Defendant Deutsche Bank National Trust Company filed a motion to dismiss on March 2, 2012. The motions were heard on May 25, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Golareh Mahdavi appeared telephonically on behalf of the moving defendants. Plaintiffs Jamey L. Nastrom and Kim M. Hewton-Nastrom also appeared.

18
19
20
21
22
23
24

## BACKGROUND

25
26

Plaintiffs Jamey L. Nastrom and Kim Hewton-Nastrom ("Plaintiffs"), proceeding pro se, filed the instant action on November 22, 2011. Plaintiffs' complaint seeks damages related to foreclosure on real property against Defendants JP Morgan Chase Bank, Chase Home Finance

27
28

LLC, New Century Mortgage Corporation, Mortgage Electronic Registration Systems Inc., Deutsche Bank National Trust Company, JP Morgan Chase Custody Services, Inc., and Federal Home Loan Mortgage Corporation.

On February 13, 2012, Defendants JPMorgan Chase Bank, N.A., individually and as successor by merger to Chase Home Finance LLC, JPMorgan Chase Custody Services, Inc., Mortgage Electronic Registration Systems, Inc., and Federal Home Loan Mortgage Corporation filed the instant motion to dismiss the complaint without leave to amend.  Doc. 12.  On March 2, 2012, Defendant Deutsche Bank National Trust Company also filed a motion to dismiss.  Doc. 22.  With the exception of New Century Mortgage Corporation, which filed a notice of bankruptcy on April 19, 2012, all defendants (collectively "Defendants") are represented by the same legal counsel.  As the pending motions to dismiss are nearly identical, they are treated as a single motion.

On April 30, 2012, Plaintiffs opposed the motion to dismiss.  Doc. 36.  Defendants replied on May 18, 2012.  Doc. 39.

## FACTUAL ALLEGATIONS[1]

Plaintiffs are the recorded owners of property located at 103 C. Street in Empire, California.  Plaintiffs allege that the property is in foreclosure.  Doc. 1, p. 3.

On May 25, 2005, Plaintiffs executed two loans with lender New Century Mortgage Corporation ("New Century") for $184,000 ("First") and $46,000 ("Second").  The loans are secured by Deeds of Trust recorded against the property.  Exhibits A and B to Request for Judicial Notice ("RJN").

On June 9, 2005, Magda Villanueva, A.V.P./Shipping Manager for New Century

---

[1]The factual summary is derived from the complaint, the motion to dismiss and Defendants' Request for Judicial Notice. The request for judicial notice concerns documents recorded in the official records of Stanislaus County and includes:  two deeds of trust dated May 28, 2005, and recorded on June 7, 2005; a corporation assignment deed of trust dated June 9, 2005, and recorded on August 7, 2007; a corporation assignment deed of trust dated June 9, 2005, and recorded on July 11, 2007; a deed of trust signed on July 2, 2007, and recorded on July 11, 2007; and a substitution of trustee and deed of reconveyance recorded on August 7, 2007. On a motion to dismiss, public documents are the proper subject of judicial notice and Plaintiffs have filed no objection. See Fed. R. Evid. 201(b); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).  Accordingly, Defendants' request is GRANTED.

executed an Assignment of the First Deed of Trust to Chase Home Finance LLC.  The
assignment was notarized by alleged "known ro-bo notary Andres Rojas" and recorded on
August 7, 2007.  Doc. 1, p. 3.  Also, on June 9, 2005, Magda Villanueva executed an Assignment
of the Second Deed of Trust to Deutsche Bank National Trust Company.  Exhibit C to RJN.  The
assignment was notarized by Marisa G. Carrasco, an alleged "known robo-signer," and recorded
on July 11, 2007.  Doc. 1, pp. 2-3.

On July 2, 2007, Plaintiffs executed an additional loan with JPMorgan Chase Bank, N.A.,
in the amount of $195,000.  Exhibit E to RJN.

On July 23, 2007, a Substitution of Trustee and Deed of Reconveyance was executed and
the first Deed of Trust was extinguished.  Exhibit F to RJN.

Plaintiffs allege two causes of action: (1) violation of the Racketeer Influenced and
Corrupt Practices Act ("RICO"); and (2) fraud.

## DISCUSSION

A.    Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  Schneider v. California
Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for
failure to state a claim, the court must accept as true the allegations of the complaint in question,
Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pleading
in the light most favorable to the party opposing the motion, and resolve all doubts in the
pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The federal system is one of notice pleading.  Galbraith v. County of Santa Clara, 307
F.3d 1119, 1126 (9th Cir. 2002).  A complaint must contain "a short and plain statement of the
claim showing that the pleader is entitled to relief . . ."  Fed. R. Civ. P. 8(a).  Detailed factual
allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,
supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 129
S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).
Plaintiffs must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that
is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are

1   accepted as true, legal conclusions are not.  Id.

2   B.      Analysis

3           1.      Rule 8

4           Defendants contend that Plaintiffs' complaint does not meet the basic pleading

5   requirements of Federal Rule of Civil Procedure 8.  Fed. R. Civ. P. 8(a).  The Court agrees.

6           Rule 8 requires a plaintiff to "plead a short and plain statement of the elements of his or

7   her claim, identifying the transaction or occurrence giving rise to the claim and the elements of

8   the prima facie case."  Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000).

9           A pleading may not simply allege a wrong has been committed and demand relief.  The

10  underlying requirement is that a pleading give "fair notice" of the claim being asserted and the

11  "grounds upon which it rests."  Yamaguchi v. United States Dep't of Air Force, 109 F.3d 1475,

12  1481 (9th Cir. 1997).  Despite the flexible pleading policy of the Federal Rules of Civil

13  Procedure, a complaint must give fair notice and state the elements of the claim plainly and

14  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  A plaintiff

15  must allege with at least some degree of particularity overt facts which defendants engaged in to

16  support plaintiff's claim.  Id. at 649.  A complaint does not suffice "if it tenders 'naked

17  assertion[s]' devoid of 'further factual enhancement.'"  Ashcroft v. Iqbal, 556 U.S. 662, 677, 129

18  S.Ct. 1937, 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544,  557 (2007).  The

19  United States Supreme Court has explained:

20          While, for most types of cases, the Federal Rules eliminated the cumbersome requirement
            that a claimant "set out *in detail* the facts upon which he bases his claim," Conley v.
21          Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2)
            still requires a "showing," rather than a blanket assertion, of entitlement to relief.
22          Without some factual allegation in the complaint, it is hard to see how a claimant could
            satisfy the requirement of providing not only "fair notice" of the nature of the claim, but
23          also "grounds" on which the claim rests.

24  Twombly, 550 U.S. at 556, n. 3.

25          As Defendants indicate, Plaintiffs fail to clearly allege the most basic facts underlying

26  their asserted claims and fail to distinguish between the alleged conduct of the multiple named

27  defendants.  Plaintiffs allege only the following underlying facts related to the subject property

28  and mortgages:

1

2

3

4

5

6

7

8

9

10

11

12

   Plaintiffs [are]. . . the recorded owners to property and are the Defendants to a foreclosure action relating to the property located at 103 C Street, Empire, California County of Stanislaus, ("the subject property") wherein a Mortgage was or is recorded in the name of MERS against the property.  The Nastrom property is currently in various stages of litigation, with the property in foreclosure and deed by MERS to the Servicer, JP Morgan Chase Custody Service Ins., Chase Home Finance LLC.  The owner of the Nastrom loan remains unknown.

June 07, 2005, Mortgage to New Century Mortgage Corporation, as "beneficiary".

No assignment of the Promissory note.

June 09, 2005, Magda Villanueva, A.V.P./Shipping Manager for New Century Mortgage Corp., assigned the attached Assignment of Deed to Chase Home Finance LLC., and was notarized by known ro-bo notary Andres Rojas.  Executed on 06/09/2005, and recorded on August 07, 2007.

On June 09, 2005, Magda Villanueva acting as Assistant Vice President/Shipping Manager for New Century Mortgage Corp., executed "assignment of deed of trust" to defendant Deutsche Bank National Trust Company and notarized by Marisa G. Carrasco (known robo-signer).  This assignment was dated 07/09/2005, but was not recorded until July 11, 2007.

13 Doc. 1, p. 3.

14    Plaintiffs claim they were "foreclosed upon due to involuntary default due to a substantial

15 and un-surmountable increase in their adjustable rate mortgage."  Doc. 1, p. 9.  They also allege

16 they have been "sued in foreclosure by a third party Loan Servicing Agent" that has no rights or

17 connection to the loan.  Doc. 1, p. 9.  Plaintiffs make additional generalized allegations regarding

18 mortgage backed securities, fraudulent mortgage assignments and fraudulent promissory notes.

19 Doc. 1, pp. 10-11, 16-18.  Plaintiffs' generalized allegations and brief factual account are

20 insufficient to satisfy Rule 8.  Plaintiffs have failed to allege with at least some degree of

21 particularity overt facts which defendants engaged in to support their claims.  Plaintiffs have

22 provided neither "fair notice" of the nature of the claim nor the "grounds" on which their claims

23 rest.

24    2.  <u>Ripeness</u>

25    Defendants contend that the crux of the complaint is Plaintiffs' assertion that MERS does

26 not have standing to foreclose on the subject property.  Per Defendants, a title search revealed

27 that a notice of default has not been recorded against the property and nonjudicial foreclosure has

28 not been initiated.  As no foreclosure has been initiated on the property, Defendants argue that

1  Plaintiffs' action is not ripe.  See Manzano v. Metlife Bank, N.A., 2011 WL 2080249, *6 (E.D.
2  Cal. May 25, 2011) ("Because plaintiff's house has not yet been sold, a claim for wrongful
3  foreclosure is not yet ripe.").

4       Plaintiffs have not disputed Defendants' assertion that there has been no notice of default
5  and no foreclosure.  Instead, Plaintiffs merely indicate that Defendants "have sent over 183
6  notices of acceleration to foreclose."  Doc. 36, p. 1.  Plaintiffs also claim that they have received
7  almost 200 letters threatening accelerated foreclosure, notes on the front door and repeated phone
8  calls.  Doc. 36, p. 5.  Plaintiffs have not alleged that a notice of default was recorded or that
9  Defendants have taken any other action to initiate foreclosure.  Plaintiffs also have offered no
10 legal support demonstrating that sending demand letters constitutes initiation of foreclosure
11 proceedings under California law.  Accordingly, Plaintiffs' purported claims regarding unlawful
12 foreclosure are not ripe.

13      3.      Action to Determine Whether MERS Has Authority to Initiate Foreclosure
                Proceedings
14
15      Plaintiffs also allege that MERS has no standing to pursue foreclosure.  Doc. 1, pp. 5, 7.
16 Although claims regarding foreclosure are not ripe, Plaintiffs also are not entitled to bring an
17 action to determine whether MERS has authority to initiate nonjudicial foreclosure proceedings.
18 See Gomes v. Countrywide Home Loans, Inc., 192 Cal.App.4th 1149 (2011).  In Gomes, the
19 California Court of Appeal determined that nothing in California's comprehensive nonjudicial
20 foreclosure scheme permitted an action to determine whether MERS, as nominee, had authority
21 to initiate foreclosure proceedings.  Gomes, 192 Cal.App.4th at 1154.

22      4.      MERS' Legal Standing to Participate in Nonjudicial Foreclosure Proceedings
23      Defendants contend that Plaintiffs' complaint is premised on two unsupported
24 assumptions: (1) MERS is a beneficiary under Plaintiffs' deeds of trust, and (2) MERS has
25 initiated nonjudicial foreclosure.  Assuming *arguendo* these assumptions are correct, Defendants
26 assert that California law establishes that MERS is entitled to initiate and participate in
27 foreclosure proceedings as the nominee, or agent, of the noteholder.  See Gomes, 192
28 Cal.App.4th at 1157, n. 9.  Defendants further argue that the plain language of the Deed of Trust

grants MERS the power of sale and "the argument that MERS cannot initiate foreclosure proceedings is meritless." Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp.2d 1177, 1188 (N.D. Cal. 2009) (dismissing wrongful foreclosure claim and holding that "MERS has a legal right to foreclose").

Defendants also contend that the power of sale granted to MERS by a Deed of Trust is not disrupted by securitization of the note. See Bezverkhov v. Cal-Western Reconveyance Corp., 2009 WL 4895581, *5 (E.D. Cal. Dec. 11, 2009). Defendants indicate that courts have summarily rejected the argument that companies like MERS lose their power of sale pursuant to the deed of trust if the original promissory note is assigned to a trust pool. See, e.g., Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F.Supp.2d 1039, 1043 (N.D. Cal. 2009) (rejecting argument that power of sale pursuant to deed of trust was lost when the original promissory note was assigned to a trust pool).

Plaintiffs counter that they could not find plain language in their Deed of Trust that states MERS has the power of sale and can initiate foreclosure proceedings. Plaintiffs are correct that the deeds of trust do not identify MERS expressly as the nominee of the lender or the beneficiary, but the deeds of trust do provide for foreclosure and sale by the lender or the trustee (or successor trustee). Ex. A to RJN, p. 13; Ex. B to RJN, pp. 4, 5; and Ex. E to RJN, p. 13. Under California law, a "trustee, mortgagee, or beneficiary, or any of their authorized agents" may conduct the foreclosure process. Cal. Civ. Code § 2924(a)(1) (emphasis added). Thus, MERS may act as an authorized agent of the trustee or lender (mortgagee).

     5.       Securitization of A Mortgage Debt

Defendants indicate that a related theory underlying each of Plaintiffs' claims is that because Plaintiffs' loan was securitized, the Deed of Trust is not valid or enforceable. Defendants argue this theory fails because (1) Plaintiffs have not demonstrated that their loans were securitized; and (2) the lender or trustee does not lose the power of sale because the debts have been securitized or assigned to a loan pool.

 Plaintiffs respond as follows:

> [W]e were not informed that our note could be split up amongst multiple investors and that anyone of those has the right to foreclose, if that were disclosed we would never have gone through the process, a misrepresentation by our lender.

Doc. 36, p. 4.  Plaintiffs have failed to address any arguments regarding securitization and have failed to provide any legal basis for why securitization would affect the validity or enforceability of the Deed of Trust.

6.     Holder in Due Course

Plaintiffs contend that Defendants do not have the right to foreclose because they are "not holders in due course of the Note." Doc. 1, ¶ 2, 6, 19-20.  Defendants correctly note that the theory that the party initiating foreclosure must possess the original note has been well litigated and rejected by the courts.  "It is well established that there is no requirement under California law that the party initiating foreclosure be in possession of the original note." Clark. v. Countrywide Home Loans, Inc., 732 F.Supp.2d 1038, *1043 (E.D. Cal. Aug. 9, 2010) (plaintiff's assertion that defendants did not possess the note was not grounds for a wrongful foreclosure claim);  Nool v. HomeQ Servicing, 653 F.Supp.2d 1047, 1053 (E.D. Cal. 2009); Putkkuri v. Recontrust Co., 2009 WL 32567, *2 (S.D. Cal. Jan. 5, 2009) ("Production of the original note is not required to proceed with a non-judicial foreclosure."); Candelo v. NDex West, LLC, 2008 WL 5382259, *4 (E.D. Cal. Dec. 23, 2008) ("No requirement exists under statutory framework to produce the original note to initiate non-judicial foreclosure.").

7.     Robo-Signing Allegations

Defendants contend that Plaintiffs' robo-signing allegations fail to support any of their claims because they fail to allege any facts to support these allegations.  Courts have held that when a plaintiff includes vague allegations of "robo signing" and fails to allege facts setting forth the basis on which the plaintiff is informed and believes such allegations are true, their underlying cause of action fails.  See Sohal v. Federal Home Loan Mortg. Corp., 2011 WL 3842195, *5, 8 (N.D. Cal. 2011).

Plaintiffs respond that "Magda Villanueva, Andres Rojas and Marisa Carrasco are on multiple lists of robo-signers along with the suspect dates." Doc. 36, p. 4.  However, Plaintiffs provide no factual allegations in the complaint to support this statement.  More importantly,

Plaintiffs offer no factual allegations (or legal theory) indicating how the alleged robo-signing of documents which assigned the subject loans harmed Plaintiffs.  The robo-signing allegations do not relate to any notice of default or otherwise demonstrate that Plaintiffs were somehow defrauded or harmed by the loan assignments.

8.      RICO Cause of Action

Defendants argue that Plaintiffs have failed to state a RICO cause of action.  To state a claim for RICO, Plaintiffs must plead: (1) the existence of a RICO enterprise; (2) the existence of a pattern of racketeering activity, established by at least two predicate acts identified by 18 U.S.C. § 1961(a); (3) a nexus between the defendant and either the pattern of racketeering activity or the RICO enterprise; and (4) resulting injury to the plaintiff's business or property. Occupational-Urgent Care Health Sys., Inc. v. Sutro & Co., Inc., 711 F. Supp. 1016, 1021 (E.D. Cal. 1989).  Where, as here, fraud is alleged to be the racketeering activity, the pleading must "state with particularity the circumstances constituting fraud or mistake." In re Countrywide Financial Corp. Mortgage Marketing and Sales Practice Litigation, 601 F.Supp.2d 1201, 1215 (S.D. Cal. 2009) (quoting Fed. R. Civ. P. 9(b)).

Plaintiffs fail to meet the heightened pleading requirements for a fraud-based RICO claim. They have not included any actual facts pertaining to Defendants (or themselves) or stating any of the circumstances constituting fraud with any degree of particularity.

9.      Fraud Cause of Action

Defendants contend that Plaintiffs have failed to plead fraud with particularity.  Federal Rule of Civil Procedure Rule 9(b) specifies that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." See also Desaigoudar v. Meyercord, 223 F.3d 1020, 1022-23 (9th Cir. 2000) (fraud must be pleaded "with a high degree of meticulousness"). A pleading is sufficient if it identifies the time, place and nature of the alleged fraudulent activities, along with attributing particular fraudulent statements or acts to individual defendants.  See Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989).

Defendants assert that Plaintiffs have made conclusory allegations lumping all the

defendants together, have failed to plead their reliance on any misrepresentations and have failed to demonstrate any harm.  Defendants also claim that the complaint is devoid of any factual allegations tying Plaintiffs' alleged damages to Defendants' conduct in relation to the loans.

Plaintiffs' opposition suggests a misunderstanding regarding pleading requirements.  In response to the contention that they have lumped all defendants together, Plaintiffs indicate that they have served each defendant and the defendants just happen to have the same attorney. Service is not the same as stating specific allegations against each individual defendant. Plaintiffs' generalizations regarding the mortgage industry do not meet the particularity requirement necessary to state a claim for fraud.

As to the harm issue, Plaintiffs believe they were harassed by (1) threatened foreclosure, (2) repeated phone calls, (3) almost 200 letters threatening accelerated foreclosure and (4) multiple notes on the front door after defendants were aware that Plaintiffs had filed bankruptcy. These allegations are insufficient and do not identify the alleged fraudulent activities undertaken by the specific defendants in this case.  Plaintiffs also claim that they were victims of predatory lending because when they signed their mortgage it was not disclosed that the loan was an interest only loan.  However, Plaintiffs have not provided any factual allegations to support this claim.

Defendants also contend that Plaintiffs have failed to allege facts to state a claim of civil conspiracy to defraud.  To establish the elements of a civil conspiracy claim: (1) formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct. Kidron v. Movie Acquisition Corp., 40 Cal.App.4th 1571, 1581 (1995). 'Wrongful conduct' encompasses acts constituting a breach of fiduciary duty, violation of a statute or a tort, or other independently actionable conduct. Gemini Aluminum Corp. v. California Custom Shapes, Inc., 95 Cal.App.4th 1249, 1258-59 (2002).

As Defendants point out, Plaintiffs have failed to allege (1) facts demonstrating that Defendants formed and operated conspiracy; (2) facts evidencing actionable wrongful conduct or (3) damages caused by the alleged conspiracy.  Plaintiffs' allegations generally concern the mortgage lending industry, not the individual defendants or the circumstances involved in this

1  action.

2

3  C.      Leave to Amend

4          Defendants request that the complaint be dismissed without leave to amend.  This request

5  is DENIED.  Plaintiffs shall be granted leave to amend their claims to the extent they are able to

6  provide sufficient factual allegations. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

7  banc) ("district court should grant leave to amend even if no request to amend the pleading was

8  made, unless it determines that the pleading could not possibly be cured by the allegation of other

9  facts.").  In amending their complaint, Plaintiffs are informed that the Court cannot refer to a

10  prior pleading in order to make their amended complaint complete.  Local Rule 220 requires that

11  an amended complaint be complete in itself without reference to any prior pleading.  This is

12  because, as a general rule, an amended complaint supercedes the original complaint.  See Loux v.

13  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

14                                **CONCLUSION AND ORDER**

15          Based on the foregoing, IT IS HEREBY ORDERED as follows:

16          1.       Defendants' motion to dismiss is GRANTED with leave to amend; and

17          2.       Plaintiffs SHALL FILE an amended complaint within sixty (60) days from the

18                   date of service of this Order.

19          IT IS SO ORDERED.

20      **Dated:    June 8, 2012**                    **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

                                                 11