# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMEY L. NASTROM, et al.,<br><br>         Plaintiffs,<br><br>    vs.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>         Defendants. | Case No.: 1:11cv01998 DLB<br><br>ORDER DENYING EX PARTE APPLICATION FOR ORDER ALLOWING FILING OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT<br>(Doc. 51) |

On August 23, 2012, Defendants JPMorgan Chase Bank, N.A., individually and as successor by merger to Chase Home Finance LLC, Mortgage Electronic Registration Systems, Inc., Federal Home Loan Mortgage Corporation and Deutsche National Bank Trust Company ("Defendants") filed a motion to dismiss the First Amended Complaint.  Plaintiffs Jamey L. Nastrom and Kim Hewton-Nastrom ("Plaintiffs") failed to file any opposition to the motion.  On September 26, 2012, the Court deemed the matter suitable for without oral argument and vacated the hearing scheduled for September 28, 2012.  Now pending before the Court is Plaintiffs' ex parte application for an order allowing Plaintiffs to file an opposition to the motion to dismiss. For the reasons discussed below, Plaintiffs' application is DENIED.

1

## **BACKGROUND**

Plaintiffs, originally *pro se*, filed the instant action on November 22, 2011, challenging foreclosure proceedings on certain real property.  Defendants JPMorgan Chase Bank, N.A., individually and as successor by merger to Chase Home Finance LLC, JPMorgan Chase Custody Services, Inc., Mortgage Electronic Registration Systems, Inc., and Federal Home Loan Mortgage Corporation filed a motion to dismiss on February 13, 2012.  Defendant Deutsche Bank National Trust Company filed a motion to dismiss on March 2, 2012.  The Court granted the motions to dismiss and provided Plaintiffs leave to file an amended complaint within sixty (60) days.

On August 6, 2012, Plaintiffs, proceeding through counsel, filed a First Amended Complaint ("FAC").

On August 23, 2012, Defendants moved to dismiss the FAC and noticed a hearing for September 28, 2012.  Defendants electronically served the notice of motion and related motion papers on Plaintiffs' counsel.

On September 14, 2012, the parties filed a Joint Case Management Statement for a scheduling conference scheduled for September 24, 2012.  The Joint Case Management Statement includes the following paragraph:

> **4.    MOTIONS**
>
> Defendants filed a Motion to Dismiss Plaintiffs' FAC on August 23, 2012.  The Motion to Dismiss hearing is scheduled for September 28, 2012.  The Parties reserve the right to file any additional motions if necessary.

The Joint Case Management Statement contains an electronic signature for Plaintiffs' counsel, Myles Montgomery of United Law Center.  Doc. 47.

On September 19, 2012, the Court issued a minute order taking the September 24, 2012, scheduling conference off calendar "[d]ue to the pending motion to dismiss."  Doc. 49.

On September 26, 2012, the Court vacated the motion to dismiss hearing set for September 28, 2012, and took the motion to dismiss under submission. Doc. 50.

On October 10, 2012, Plaintiffs' counsel filed the instant ex parte application for an order to allow Plaintiffs to file a late opposition to the motion to dismiss. Plaintiffs' counsel, Myles Montgomery, asserts that the United Law Center "experienced a brief period of fragmentation with regard to how the hearing dates were received." Doc. 52, p. 2. He further asserts that he "failed to receive notice with regard to Defendants' motion dismiss" and "was not aware of the hearing for the motion to dismiss until the week of the hearing." Doc. 52, p. 2.

## DISCUSSION

By the ex parte application, Plaintiffs essentially seek permission for a late filing pursuant to Federal Rule of Civil Procedure 6(b). In relevant part, Rule 6(b) allows a court, for good cause, to accept a late filing when the failure to meet the deadline was the result of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In assessing excusable neglect, the Court applies a four-part test that takes "account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Plaintiffs argue that their failure to file a timely opposition was excusable neglect as "counsel arguably committed a single error, in failing to maintain a system by which Court procedures would be accurately tracked." Doc. 52, p. 3. According to the declaration of Mr. Montgomery, another attorney at United Law Center received an email on August 23, 2012, that the motion to dismiss had been filed. The attorney attempted to forward the email to Mr. Montgomery, but the notice information was not visible on his screen and he was unaware of the motion. At the time, Mr. Montgomery had been with United Law Center for two months, he did

not have a paralegal, he was filling in for several attorneys and the matter was not properly calendared.  As a result, he did not prepare an opposition.  Instead, on September 25, 2012, he reportedly learned of the hearing for September 28, 2012, from opposing counsel, but believed it was a case management conference.  On September 26, 2012, Mr. Montgomery learned of the actual nature of the hearing and contacted opposing counsel to request an extension.  Defendants declined to stipulate to an extension.  Declaration of Myles Montgomery ¶¶ 2-6.

      The four *Pioneer* factors do not support a finding of excusable neglect in this case, which would allow the Court to extend time for the filing of an opposition.  Fed. R. Civ. P. 6(b)(1)(B).  First, the delay denies Defendants of prompt resolution of their motion, which is clearly prejudicial.  Second, in Mr. Montgomery's own words, the failure to file an opposition to the motion was due to a lack of calendaring, which is certainly within the control of Mr. Montgomery and United Law Center.  However, the lack of calendaring does not explain why Mr. Montgomery apparently failed to follow-up with his colleague on the email that was not visible and, more importantly, why Mr. Montgomery apparently failed to read the Joint Case Management Statement, which he seemingly approved for filing and which contained the relevant hearing date.  Third, these unexplained failures to note the relevant hearing date and the opposition deadline suggest a lack of good faith.  Fourth, and finally, the lack of calendaring also does not explain why Mr. Montgomery failed to request an extension of time on September 26, 2012, when he purportedly learned of the hearing and when Defendants declined to stipulate to an extension.  There is no apparent reason for the delay between September 26, 2012, and the filing of the ex parte application on October 10, 2012.  This unexplained delay prevents the Court from promptly addressing the motion to dismiss on its merits and moving this action

forward.  Based on these factors, Defendants' motion will be treated as unopposed.

### **ORDER**

For the reasons stated, Plaintiffs' ex parte request is DENIED.

IT IS SO ORDERED.

Dated:   **October 15, 2012**                              /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE