1

2

3

4

5

6

7

8                 IN THE UNITED STATES DISTRICT COURT FOR THE

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   JAMEY L. NASTROM, et al.              1:11-cv-01998-SAB

12          Plaintiffs,                    ORDER DENYING PLAINTIFFS'
                                           MOTION TO VACATE THE ORDER TO
13      vs.                                DISMISS PLAINTIFFS' FIRST AMENDED
                                           COMPLAINT
14   JPMORGAN CHASE BANK, N.A., et
     al.,                                  (ECF NO. 57.)
15
            Defendants.
16

17   _____/

18          Currently pending before the Court is Plaintiffs Jamey L. Nastrom and Kim M. Hewton-

19   Nastrom's ("Plaintiffs") Motion to Vacate the Order to Dismiss Plaintiffs' First Amended

20   Complaint, Pursuant to Federal Rule 60(b).  (ECF No. 57.)  Defendants filed an opposition on

21   January 11, 2013 (ECF No. 65) and Plaintiffs filed a reply on January 18 2013 (ECF No. 69).

22          The Court, having reviewed the record, finds this matter suitable for decision without

23   oral argument.  See Local Rule 230(g).  Accordingly, the previously scheduled hearing on

24   January 25, 2013 will be vacated and the parties will not be required to appear at that time.

25          For the reasons set forth below, the Court denies the Plaintiffs' motion.

26   / / /

27   / / /

28   / / /

1

# I.

## PROCEDURAL BACKGROUND

Plaintiffs' First Amended Complaint ("FAC") filed on August 6, 2012 is the operative pleading in this action.  (ECF No. 43.)  On August 23, 2012, Defendants Deutsche Bank National Trust Company, Federal Home Loan Mortgage Corporation, JP Morgan Chase Bank, N.A., and Mortgage Electronic Registration Systems, Inc. ("Defendants") filed their motion to dismiss the FAC.  (ECF No. 44.)

The motion to dismiss was set for hearing on September 28, 2012.  (ECF No. 44.) Accordingly, by operation of Local Rule 230(c), Plaintiffs' opposition was due on September 14, 2012.  Plaintiffs failed to file an opposition.  On September 26, 2012, the Court issued a minute order taking the motion to dismiss hearing off-calendar and taking the matter under submission.  (ECF No. 50.)

On October 10, 2012, 26 days after Plaintiffs' opposition was due and 14 days after the Court took the matter off calendar, Plaintiffs filed an ex parte application seeking leave to file an untimely opposition to Defendants' motion to dismiss.  (ECF No. 51.)  Plaintiffs informed the Court that:

> Un[ited] Law Center experienced a brief period of fragmentation with regard to how hearing dates were received.  Consequently, the undersigned attorney failed to receive notice with regard to Defendants' motion to dismiss, and did not file an opposition, as is regularly done.  In fact, the undersigned attorney was not aware of the hearing for the motion to dismiss until the week of the hearing.

(Mem. of P. & A. in Supp. of Pls.' Ex Parte App. for Order Allowing Filing of Pls.' Opp'n to Defs.' Mot. to Dismiss Pls.' First Am. Compl. 2:14-18.)  Plaintiffs also filed a declaration from Myles Montgomery, Plaintiffs' attorney, in support of their ex parte application.  (ECF No. 53.) Mr. Montgomery explained that the e-mail notice pertaining to the filing of Defendants' motion to dismiss was sent to another attorney in his office.  (Decl. of Myles Montgomery in Supp. of Pls.' Ex Parte App. for Order Allowing Filing of Pls.' Opp'n to Defs.' Mot. to Dismiss Pls.' First Am. Compl. (hereinafter "Montgomery Decl.") 2:4-6.)  This unidentified attorney forwarded the e-mail to Mr. Montgomery, but for unexplained reasons, "the Notice information

1   was not visible on [Mr. Montgomery's] screen, and, therefore, [Mr. Montgomery] was unaware

2   of the Motion." (Montgomery Decl. 2:6-8.)  Moreover, Mr. Montgomery had been with United

3   Law Center for only two months, had not been assigned a permanent paralegal and was filling

4   in for several attorneys, including one on leave with a severe medical condition. (Montgomery

5   Decl. 2:9-13.)  Mr. Montgomery claimed he did not learn about the hearing until September 25,

6   2012. (Montgomery Decl. 2:16-18.)

7        The Court denied Plaintiffs' ex parte application on October 10, 2012.  (ECF No. 54.)

8   The Court took note that the parties filed a Joint Case Management Statement on September 14,

9   2012, which was signed by Mr. Montgomery and included a paragraph discussing Defendants'

10  motion to dismiss and the motion to dismiss hearing on September 28, 2012.  (Order Denying

11  Ex Parte App. for Order Allowing Filing of Pls.' Opp'n to Defs.' Mot. to Dismiss Pls.' First

12  Am. Compl. (hereinafter "Order Denying Ex Parte App.") 2:17-26.)  The Court further noted

13  the issuance minute order taking a September 24, 2012 scheduling conference off calendar due

14  to the pending motion to dismiss.  (Order Denying Ex Parte App. 2:27-28.)  The Court also

15  questioned why Plaintiffs waited until October 10, 2012 to request leave to file an untimely

16  opposition when they supposedly discovered their mistake on September 26, 2012.  (Order

17  Denying Ex Parte App. 4:19-5:2.)  The Court concluded that Plaintiffs failed to demonstrate

18  excusable neglect justifying leave to file an untimely opposition.  (Order Denying Ex Parte

19  App. 4:8-10.)

20       The Court granted Defendants' motion to dismiss on November 14, 2012.  (ECF No.

21  55.)  Plaintiffs filed the present motion to vacate dismissal on November 26, 2012.  (ECF No.

22  57.)

23                                              **II.**

24  **LEGAL STANDARDS FOR RELIEF FROM JUDGMENT UNDER F.R.C.P. 60(b)**

25       Plaintiffs request relief from final judgment pursuant to Federal Rule of Civil Procedure

26  60(b).  Rule 60(b) states, in relevant part:

27            (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.
             On motion and just terms, the court may relieve a party or its legal
28            representative from a final judgment, order, or proceeding for the

                                              3

1   following reasons:
2   (1) mistake, inadvertence, surprise, or excusable neglect;

3   The only ground for relief raised in Plaintiffs' motion is excusable neglect.  "Excusable
4   neglect 'encompass[es] situations in which the failure to comply with a filing deadline is
5   attributable to negligence' ... and includes 'omissions caused by carelessness.'"  Lemoge v.
6   U.S., 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting Pioneer Inv. Servs. Co. v. Brunswick
7   Assocs. Ltd., 507 U.S. 380, 388, 394 (1993)).  The determination of whether neglect is
8   considered "excusable" "is at bottom an equitable one, taking account of all relevant
9   circumstances surrounding the party's omission."  Briones v. Riviera Hotel & Casino, 116 F.3d
10  379, 381 (9th Cir. 1997) (quoting Pioneer Inv. Servs. Co., 507 U.S. at 395).  However, "a Rule
11  60(b)(1) reconsideration motion should not merely present arguments previously raised, or
12  which could have been raised in the original briefs."  San Luis & Delta-Mendota Water
13  Authority v. U.S. Dept. of Interior, 624 F. Supp. 2d 1197, 1208 (E.D. Cal. 2009); see also
14  Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (discussing reconsideration under Rule
15  59(e)); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (reconsideration properly
16  denied if "it presented no arguments that had not already been raised...").

17  In determining whether neglect is excusable, the Court performs the Pioneer-Briones
18  analysis by analyzing at least four factors: (1) the danger of prejudice to the opposing party, (2)
19  the length of the delay and its potential impact on the proceedings, (3) the reason for the delay,
20  and (4) whether the movant acted in good faith.  Lemoge, 587 F.3d at 1192 (quoting Bateman
21  v. U.S. Postal Service, 231 F.3d 1220, 1223-24 (9th Cir. 2000)).  Additionally, "[a]lthough
22  prejudice to the movant is not an explicit Pioneer-Briones factor, and is not a factor that ...
23  should be assessed in each and every case evaluating a Rule 60(b) motion, prejudice to the
24  movant ... is one of the 'relevant circumstances' that should be considered when evaluating
25  excusable neglect."  Id. at 1195.

26  A motion seeking relief under Rule 60 is addressed to the sound discretion of the district
27  court.  Lemoge, 587 F.3d at 1191-92; Daghlian v. DeVry University, Inc., 582 F. Supp. 2d
28  1231, 1250 (C.D. Cal. 2007).

# III.

## DISCUSSION

### A.     Danger of Prejudice To Defendants

"Prejudice requires greater harm than simply that relief would delay resolution of the case." Lemoge, 587 F.3d at 1196 (citing TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001)).  However, Defendants also contend that they have suffered prejudice because this lawsuit has delayed Defendants' ability to foreclose on the property securing the loan from Defendants to Plaintiffs.  (Defs.' Opp'n to Pls.' Mot. to Vacate the Order to Dismiss Pls.' First Am. Compl. 5:11-21.)  Accordingly, the delay caused in this litigation not only delays resolution of this case, but also prejudices Defendants and benefits Plaintiffs by delaying the imminent foreclosure.  Therefore, the Court finds that the prejudice factor weighs against granting relief from judgment.

### B.     The Length of the Delay and its Potential Impact on the Proceedings

Rule 60(c) requires a motion for relief from judgment to be filed "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).  Here, Plaintiffs filed the present motion 42 days after the Court denied Plaintiffs' ex parte application to file their opposition and 12 days after the Court granted Defendants' motion to dismiss.

However, the Court notes that Plaintiffs could have filed their Rule 60 motion before the order on Defendants' motion to dismiss was issued.  By waiting until after the Court ruled on the motion to dismiss, Plaintiffs took the wait-and-see approach to see if the Court denied Defendants' motion to dismiss.  Waiting for the Court's order gave Plaintiffs a chance to avoid the time and expense in preparing their Rule 60 motion, but guaranteed that the Court would undertake the time and expense of adjudicating Defendants' motion to dismiss.  In other words, Plaintiffs hoped for two bites at the apple by waiting for the Court's first ruling, and, if unfavorable, requesting leave to file a late opposition and thereby obtain a second ruling.  Accordingly, the Court finds that in these circumstances, the length of the delay and its potential impact on the proceedings weigh against granting relief from the judgment.

**C.      The Reason for the Delay**

Plaintiffs' proffered reason for failing to timely oppose Defendants' motion to dismiss and for seeking relief from judgment is the factor that weighs heavily against granting Plaintiffs relief from judgment.  The reasons for delay articulated by Plaintiffs are vague and were previously rejected by the Court when Plaintiffs' ex parte application to file a late opposition was denied.

1.      Plaintiffs' Failure to Explain Why The Seven Individuals Who Received Notice Failed to Properly Calendar the Motion

Plaintiffs infer that their calendaring mistake was the product of an unexpected medical leave or an unexplained quirk in their e-mail forwarding system.  However, the Court finds Plaintiffs' excuse to be lacking support.  The Court takes judicial notice of the Notice of Electronic Filing for Defendants' motion to dismiss.  The electronic notice indicates that notice of the motion was electronically mailed to the following recipients from Plaintiffs' counsel's office: jsargetis@unitedlawcenter.com, csims@unitedlawcenter.com, dmatthews@unitedlawcenter.com, jgustavson@unitedlawcenter.com, lmezzetta@unitedlawcenter.com, pconti@unitedlawcenter.com and tlevitt@unitedlawcenter.com.

Accordingly, at least seven attorneys or staff members from the United Law Center received electronic notice of the motion to dismiss.  Plaintiffs fail to explain why all seven individuals failed to ensure that the motion to dismiss was properly calendared.

2.      Plaintiffs' Failure to Explain Why The Rescheduled Scheduling Conference Did Not Give Plaintiffs Notice of the Motion to Dismiss

On September 19, 2012, the Court issued a minute order rescheduling a September 24, 2012 scheduling conference "[d]ue to the pending Motion to Dismiss."[1]  (ECF No. 49.) Plaintiffs were evidently aware of this minute order because nothing in the record suggests that

---

[1]Notice of this minute order was sent to the seven recipients from the United Law Center identified above, in Part III.C.1.

1    Plaintiffs attempted to appear on September 24 for the scheduling conference.  Moreover, the

2    notice of the minute order was sent to the same seven individuals in Plaintiffs' counsel's office

3    identified earlier in this order.  Plaintiffs fail to explain how they were aware of the fact that the

4    scheduling conference was rescheduled without knowing or inquiring as to why the scheduling

5    conference was rescheduled.

6              3.    Plaintiffs' Failure to Explain Why Mr. Montgomery Failed to Add His

7                    Own E-Mail Address to the Electronic Notice List

8              Plaintiffs also fail to explain why Mr. Montgomery did not take steps to add his own e-

9    mail address to the list of individuals who received electronic notice of the motion to dismiss.[2]

10   The Court takes judicial notice of the September 26, 2012 minute order vacating the motion to

11   dismiss hearing, which is the first time electronic notice was electronically mailed to

12   mmontgomery@unitedlawcenter.com.  Plaintiffs do not explain why Mr. Montgomery did not

13   elect to receive electronic notices earlier.

14             4.    Plaintiffs' Failure to Read Their Own Jointly Filed Case Management

15                   Statement

16             On September 14, 2012, Mr. Montgomery signed a Joint Case Management Statement

17   that specifically identified the motion to dismiss and the motion to dismiss hearing date.[3]  (Joint

18   Case Management Statement 2:11-14.)  Plaintiffs fail to explain how Mr. Montgomery could

19   have been unaware of the motion to dismiss hearing date and the deadline to file an opposition

20   when he jointly prepared and signed a case management statement specifically identifying the

21   motion to dismiss and the hearing date.

22   / / /

23

24   ─────────────────

25        [2]Local Rule 135(g) requires all attorneys practicing in the Eastern District of California to
     complete e-filing registration.  It is unclear if Mr. Montgomery failed to complete the e-filing
26   registration, if he used a different e-mail address when registering (such as a secretary's e-mail
     address), or if some other issue prevented him from receiving e-mails in this case.
27
          [3]Notice of this case management statement was also sent to the seven recipients from the
28   United Law Center identified above, in Part III.C.1.

5.      Plaintiffs' Failure to Promptly Request An Extension of Time

Plaintiffs claim that they first learned of the motion to dismiss, the hearing date, and the opposition deadline on September 26, 2012.  However, Plaintiffs did not request and extension of time to file an opposition until October 10, 2012, fourteen (14) days after they learned that they missed their filing deadline.  Plaintiffs fail to explain why they waited two weeks before requesting an extension.

Based upon the foregoing, the Court finds that the failure to articulate justifiable reasons for the delay weigh heavily against granting relief from judgment.

**D.      Whether Plaintiffs Acted in Good Faith**

With respect to the good faith factor, Plaintiffs waited until after the Court ruled on Defendants' motion to dismiss before filing their Rule 60 motion, possibly in the hopes that the Court would deny the motion despite Plaintiffs' failure to oppose.  See discussion, supra, Part III.B.  Plaintiffs could have filed a Rule 60 motion seeking reconsideration of the order denying leave to file an untimely opposition before the motion to dismiss was ruled upon.

Plaintiffs also filed their Rule 60 motion based upon the same facts and arguments that they already raised in their ex parte application for leave to file an untimely opposition. Plaintiffs' attempt to obtain a different ruling from the Court based upon facts and arguments already presented to the Court suggests improper use of Rule 60(b).  See Carroll, 342 F.3d at 945; Backlund, 778 F.2d at 1388; San Luis & Delta-Mendota Water Authority, 624 F. Supp. 2d at 1208.

Finally, as discussed in more detail below, Plaintiffs' proposed opposition to Defendants' motion to dismiss fails to cite proper legal authority applicable to federal practice and procedure.  See discussion, infra, Part III.E.3.  Plaintiffs' failure to cite proper authority is evidence of lack of good faith.

Based upon the foregoing, the Court finds that the apparent lack of good faith on Plaintiffs' part weighs against granting relief from judgment.

/ / /

/ / /

**E.     Other Factors Considered By The Court**

Given the unique circumstances of this case, the Court also considers (1) Plaintiffs' failure to demonstrate how his late-filed opposition would change the Court's analysis in dismissing Plaintiffs' first amended complaint, (2) Plaintiffs' failure to demonstrate new or different facts warranting reconsideration, and (3) Plaintiffs' failure to cite proper legal authority in their proposed opposition.

<ul><li>1.     <u>Plaintiffs' Failure to Address the Merits of the Court's Order Dismissing Plaintiffs' Complaint</u></li></ul>

Plaintiffs' present Rule 60 motion focuses on whether Plaintiffs' failure to timely file an opposition to Defendants' motion to dismiss constitutes excusable neglect.  However, the Court notes that, in order to justify relief from judgment, Plaintiffs must also demonstrate how the filing of their opposition would have swayed the Court's decision in granting Defendants' motion to dismiss.

Here, Plaintiffs make no effort to address the substantive basis upon which the Court granted Defendants' motion to dismiss.  The Court's November 14 order granting Defendants' motion to dismiss addressed all five causes of action in Plaintiffs' amended complaint, analyzed the factual allegations with respect to each cause of action, and determined that each cause of action failed to state a claim.  Plaintiffs' motion fails to identify any arguments raised in their opposition that were not already considered by the Court when ruling on Defendants' motion to dismiss.

Plaintiffs' failure to demonstrate how consideration of their opposition would affect the outcome of this case is relevant in the Court's analysis of the "optional" <u>Pioneer</u>-<u>Briones</u> factor: prejudice to the movant.  <u>See</u> <u>Lemoge</u>, 587 F.3d at 1195.  Since Plaintiffs failed to show how the late filing of their opposition would have prevented dismissal of their claims, Plaintiffs failed to demonstrate prejudice.  In other words, if the Court's analysis and conclusion would have been the same irrespective of whether Plaintiffs' opposition was considered, Plaintiffs would not suffer prejudice either way.  Accordingly, this factor weighs against granting Plaintiffs' motion.

2.    Plaintiffs' Failure to Identify New or Different Facts Warranting
Reconsideration of the Court's Order

The Court notes that Plaintiffs' Rule 60 motion is nearly identical to their ex parte application for leave to file an untimely opposition.  Accordingly, Plaintiffs are in effect seeking reconsideration and relief from this Court's order denying leave to file a late opposition.

Local Rule 230(j) requires that "[w]henever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made," the moving party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Here, Plaintiffs did not show any new or different facts or circumstances which would justify reconsideration of the motion to dismiss or the ex parte application for leave to file an untimely opposition.  Instead, Plaintiffs seek to vacate the motion to dismiss on the very same arguments presented to the Court in their ex parte application.  Plaintiffs' failure to identify any arguments that were not already considered by the Court weighs against granting relief from judgment.

3.    Plaintiffs' Failure to Cite Proper Legal Authority

It is worth noting that Plaintiffs' proposed opposition to Defendants' motion to dismiss relied almost exclusively on California state law authority.  In particular, Plaintiffs' "Standard of Review" section set forth the legal standards with respect to demurrers in California state court, as opposed to the legal standards with respect to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Even when sitting in diversity, federal courts apply federal procedural law, not state procedural law.  Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938); Feldman v. Allstate Ins. Co., 322 F.3d 660, 666 (9th Cir. 2003).  Even if Plaintiffs' opposition was timely filed, it would have been of extremely limited benefit given the failure to cite proper legal authority.

/ / /

/ / /

/ / /

## IV.

## CONCLUSION AND ORDER

As discussed above, the Pioneer-Briones factors weigh strongly against relief from judgment under Federal Rule of Civil Procedure 60.  While the danger of prejudice to Defendants and the length of delay and its impact on the proceeding may not be substantial factors, Plaintiffs' failure to articulate excusable reasons for the delay, failure to discuss the substance of the Court's order granting Defendants' motion to dismiss and failure to present new or different facts that would justify reconsideration weigh heavily against relief under Rule 60.  Moreover, the facts suggest lack of good faith by Plaintiffs in (1) delaying in filing their motion in hopes of getting "two bites at the apple" with respect to Defendants' motion to dismiss, (2) failing to identify new or different facts or arguments, and (3) failing to cite proper legal authority.  Finally, Plaintiffs failed to identify any defects in the Court's analysis of Defendants' motion to dismiss.  Accordingly, the Court finds that Plaintiffs are not entitled to relief under Rule 60.  See Rodriguez v. City of Modesto, No. CV F 10-1370 LJO MJS, 2011 WL 2224765, at *4 (E.D. Cal. June 7, 2011) (no excusable neglect shown where plaintiffs failed to oppose motion to dismiss due to calendaring error); Allen v. Shepard, No. CIV S-06-1923 FCD DAD P, 2010 WL 1904608, at *1 (E.D. Cal. May 10, 2010) (no excusable neglect under Rule 60 for failure to submit expert report); Padula v. Morris, No. 2:05-cv-00411-MCE-EFB, 2008 WL 4937621, at *2 (E.D. Cal. Nov. 17, 2008) (failure to present evidence in opposition to motion for summary judgment not excusable neglect under Rule 60).

Based on the foregoing, it is HEREBY ORDERED that:

1.     The hearing on this matter scheduled for January 25, 2013 is VACATED and taken off calendar; and

2.     Plaintiffs' motion to vacate is DENIED.

IT IS SO ORDERED.

Dated:   **January 22, 2013**                    **/s/ Stanley A. Boone**
                                          UNITED STATES MAGISTRATE JUDGE